```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA
```

CHERYL ALICE HAM,              )
                               )
            Plaintiff,         )
                               )
v.                             )      Case No. CIV-15-023-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Cheryl Alice Ham (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 30, 1961 and was 52 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as an office manager and secretary/receptionist. Claimant originally alleged an inability to work beginning October 15, 2009 due to limitations resulting from fibromyalgia, degenerative disc disease, hypertension, tremors

of the upper extremities, and shoulder tendinitis.

**Procedural History**

On August 11, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 6, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Bernard Porter in McAlester, Oklahoma. The ALJ entered an unfavorable decision on April 24, 2013. The Appeals Council denied review on January 26, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly analyze her fibromyalgia impairment; (2) failing to conduct a proper credibility determination; (3) rejecting the statements of Claimant's witnesses; and (4) reaching an RFC which

4

was inconsistent with the testimony of the vocational expert. Claimant also contends she should be awarded benefits by this Court.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, degenerative disc disease of the cervical, thoracic, and lumbar spine, hypertension, upper extremity tremors, and tendinitis of the shoulders. (Tr. 21). The ALJ concluded that Claimant retained the RFC to perform light work except that she could never climb ropes/scaffolds and could occasionally climb ramps and stairs, never crawl, never work in temperature extremes, and could occasionally use hand controls. Claimant required a sit/stand option to change position at least every thirty minutes and time off would be accommodated by normal breaks. (Tr. 22). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of administrative clerk, file clerk, and cashier II, all of which he found to exist in sufficient numbers both regionally and nationally. (Tr. 28). As a result, the ALJ found Claimant was not disabled since August 11, 2011. (Tr. 29).

Claimant first contends the ALJ failed to properly analyze her fibromyalgia condition in accordance with Soc. Sec. R. 12-2p. Soc.

Sec. R. 12-2p sets forth the analyzing procedure and evidence to be considered in determining whether a claimant's symptoms warrant a finding of impairment. Specifically, this Ruling states as its purpose to "provide[] guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." Soc. Sec. R. 12-2p. The ALJ properly concluded that Claimant's fibromyalgia constituted a severe impairment at step two and, in so doing, applied the criteria for consideration of the condition set forth in Soc. Sec. R. 12-2p. The ALJ also stated that he considered the criteria for consideration of Claimant's fibromyalgia in regard to a listing, noting that no specific listing exists for fibromyalgia. (Tr. 22).

The ALJ's evaluation of Claimant's specific impairment of fibromyalgia as a disabling condition affecting Claimant's ability to engage in basic work activities is, however, lacking - whether this involves an application of the evaluative principles set for in Soc. Sec. R. 12-2p or through consideration of the medical evidence. The ALJ does not distinguish between Claimant's various severe impairments in evaluating his functional limitations. Therefore, when the ALJ concludes that "[o]bjective testing fails

6

to support claimant's allegations of disabling impairments" (Tr. 26), it is unclear whether he considered such testing in evaluating Claimant's fibromyalgia or whether he considered objective testing in evaluating Claimant's other severe impairments of degenerative disc disease of the cervical, thoracic, and lumbar spines, hypertension, upper extremity tremors or tendonitis of the shoulder. The ALJ acknowledged that Claimant suffered from a history of pain and that, upon examination by Dr. Ronald Schatzman, demonstrated positive pain in 18 tender points. (Tr. 25, 468). No other objective medical testing is required or applicable for this condition. Gilbert v. Astrue, 2007 WL 1068104, 4-5 (10th Cir.). On remand, the ALJ shall set forth his evaluation of fibromyalgia with clarity as a separate condition from all other determined severe impairments to permit this Court to review whether the proper evaluation was performed on the condition. The ALJ shall employ the criteria set forth in Soc. Sec. R. 12-2p as it pertains to the evaluation of the disabling effects of the condition in light of the medical and evidentiary record.

**Evaluation of Claimant's Credibility**

Claimant also contends the ALJ failed to properly evaluate her credibility - particularly on the issue of the effects of her fibromyalgia. It is well-established that "findings as to

credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give

reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ again seeks substantiation of Claimant's testimony on the disabling effects of fibromyalgia through objective evidence after failing to evaluate the effects of the condition separately from the remainder of her severe impairments. (Tr. 25-26). At the same time, the ALJ concludes that Claimant's asserted limitations in activities "are difficult to objectively verify with any degree of certainty." (Tr. 26). He then proceeds to state that Claimant's inactivity is difficult to attribute to her medical condition as opposed to other reasons, "in view of the very weak objective medical evidence, and other factors discussed in this decision." Id. The ALJ again attempts to find supportive objective findings on a fibromyalgia condition which by its own defined method for diagnosis lacks such objective testing. After re-evaluating the effect of Claimant's fibromyalgia upon her ability to engage in basic work activities, the ALJ shall consider the effect of the condition upon Claimant's testimony of limitation in her activities.

**Consideration of Witness Statements**

Claimant states that she submitted a statement from her husband, Ronald Ham, and testimony from a co-worker, Diana Smedley which generally supported her testimony of limitation. The ALJ rejected this evidence stating neither witness was medically trained and were not sufficiently disinterested to afford their opinion to which he could assign any significant weight. These are not requirements for the consideration of testimony from persons who possess first hand knowledge of a claimant's "pain or other symptoms." 20 C.F.R. § 404.1529(c)(3). Moreover, any such witness testimony will likely be produced from those closest to a claimant who are in a position to observe the claimant's symptoms and daily activities. On remand, the ALJ shall consider this evidence without regard to the witnesses' lack of medical training or solely upon their relation to Claimant, unless their bias is apparent from the content of their testimony or other circumstances.

**Conflict in Hypothetical Questioning**

Claimant states that a conflict existed between the ALJ's RFC and hypothetical questioning of the vocational expert and the requirements of the jobs the expert identified. Specifically, the ALJ posed a hypothetical which limited jobs to "occasional handling" to which the expert responded that all of the jobs he had

identified in response to a prior hypothetical required frequent handling and fingering. The ALJ's RFC limited Claimant to "occasional use of hand controls" which Claimant argues created an ambiguity between that term and "occasional handling." Because this case is to be remanded on other grounds, the ALJ should clarify his hypothetical questioning of the vocational expert to insure that the terms utilized by the expert, the ALJ, and the *Dictionary of Occupational Titles* are the same.

## Award of Benefits

Claimant suggests that this Court should award benefits immediately due to the time this case has been pending. This Court does not perceive that this case has been pending for an extraordinary period of time compared to other similar Social Security appeal cases. This Court, therefore, declines to award benefits at this time.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties

are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE